IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 22-CR-191 JB |
| vs. ) | |
| ) | |
| **MICHAEL COBB**, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' SENTENCING MEMORANDUM

According to the defendant's Plea Agreement (Doc. 65) and Presentence Report (PSR), on January 15, 2022, John Doe was working to fill an automatic teller machine (ATM) with U.S. currency outside of an Espanola, New Mexico bank and was startled when the defendant, Michael Cobb ("Defendant"), drove up and got out of his vehicle. Doe's surprise quickly turned to alarm when Defendant demanded that he hand over the cannisters of cash while pointing a gun at him. Doe backed away from the cannisters and Defendant grabbed them and put them in his car, fired the gun, and took two more cannisters before driving off. In total, Defendant escaped with $187,340. In light of the facts and circumstances, the United States respectfully encourages the Court to accept the parties' Plea Agreement and sentence Defendant to 154 months' imprisonment, the low end of the guideline range as calculated in the PSR and consistent with the parties Rule 11(c)(1)(C) Plea Agreement.

**I.      LEGAL STANDARD**

In imposing a sentence that is sufficient but not greater than necessary, the Court must consider the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
> (5) any pertinent policy statement;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) - (7).

### III.   ARGUMENT

#### A. The nature and circumstances of the offense and the history and characteristics of the defendant.

Defendant has admitted that he robbed a bank by robbing the individual who was refilling the bank's ATM and making off with over $187,000. (Doc. 65 at 5-6.) He made sure to threaten John Doe in two ways during the robbery: first, by brandishing a firearm and demanding cash, and second, by firing it midway through the robbery, though Defendant has not admitted to firing the weapon.[1] A .45 caliber spent shell casing was found at the scene. (PSR ¶ 10.) After Defendant got away with the cash, he disappeared until law enforcement officers tracked Defendant's vehicle to the Buffalo Thunder Casino in Pojoaque, New Mexico four days later. (*Id.* ¶ 11.) He fled onto a public highway when officers tried to stop the vehicle, posing a danger to other drivers. (*Id.*) Law enforcement had to immobilize the vehicle to stop and arrest him.

---

[1] John Doe reported that the weapon made a "popping sound" when it was discharged and was unsure whether it was an actual firearm. (PSR ¶ 10.)

2

(*Id.*)

While Defendant's crimes in this case may have been the most brazen he's ever committed, his other contacts with the criminal justice system have resulted in a litany of problems. After being convicted of an assault at age 19 that apparently involved drugging the victim, he spent two years in an intensive supervision followed by revoked probation and more than four years in prison. (*Id.* ¶ 34.) After he was released, several concerning arrests followed (*see id.*, ¶¶ 42-45) until he was convicted on charges of possessing and trafficking heroin and possessing methamphetamine in 2014. (*Id.* ¶¶ 35-36.) Defendant violated both is probation and supervision, which included failures to report resulting in absconder status and his return to custody on two separate occasions. (*Id.* ¶ 35.)

It is also noteworthy that, unlike many defendants, Defendant reported having a good childhood and a close-knit family. (*Id*. at 53.) He told Probation that his family has remained supportive of him throughout his entanglements with the criminal justice system. (*Id*. at 54.) Substance abuse is a visible thread throughout his adulthood, but the PSR does not reveal any obvious turning points in his personal history that would have prompted such serious criminal behavior.

### B. The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant.

A sentence at the low end of the applicable guideline range – in this case, the parties' agreed maximum term of 154 months' imprisonment – meaningfully addresses the seriousness Defendant's conduct. It is unclear whether Defendant acted impulsively when he robbed the bank by brandishing the weapon at John Doe and firing it, or whether Defendant planned the

robbery ahead of time. It is clear, however, that these acts were marked escalation in his criminal conduct that warrants a significant sentence. Defendant's criminal history shows that he has been given the benefit of the doubt before in sentencing and squandered the opportunity to turn away from criminal behavior. Here, a 154-month sentence is just.

### C. The kinds of sentences available and the sentencing range established for this defendant.

The PSR calculates that with a criminal history category of IV and total offense level of 23, resulting in a Guideline range of 70 to 87 months for Count 1 (Bank Robbery) plus 84 months for Count 2 (Using Carrying and Discharging a Firearm in Relation to a Crime of Violence), resulting in a total Guideline imprisonment range of 154-171 months. (*Id.* ¶¶ 78-80.) Defendant's guideline imprisonment range is 121 to 151 months. PSR ¶ 62. Per the Plea Agreement, the parties have agreed that the maximum sentence of imprisonment should be no more than 154 months. (Doc. 65 at 6.)

## IV. CONCLUSION

For the foregoing reasons, a 154-month sentence is just. The United States respectfully encourages the Court to accept the parties' Plea Agreement and sentence Defendant accordingly.

Respectfully submitted,

HOLLAND S. KASTRIN
Acting United States Attorney

/s/ *Kimberly Bell*
KIMBERLY BELL
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274

I HEREBY CERTIFY that on April 4, 2025, I filed the foregoing electronically through the CM/ECF system, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*_____
KIMBERLY BELL
Assistant U.S. Attorney